

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY  10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

**Charging Party/Complainant**
Ms. Sean Brady
7101 4th avenue Apt A-6
Brooklyn, New York 11209

**EEOC Charge No.:**
520-2017-02392

**Respondent's Representative**
Singer Robin, Esq.
c/o NYC Department of Education
52 Chambers Street. Room 308
New York, New York 10007

## DETERMINATION

EEOC issues the following determination based on the merits of subject charge. Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964 (Title VII), as amended.  All statutory requirements for timeliness and coverage have been met.

Respondent, NYC Department of Education ("DOE"), is an agency of the New York City government that manages the city public schools' system. The DOE is largest school system in the United States, with over 1.1 million students taught in more than 1,800 separate schools.

In the instant charge, Charging Party was hired as a Special Education Social Studies Teacher by Respondent in 2012. Charging Party completed probation and was assigned to Manhattan's early college school for Advertising ("MECA") as an Absent Teacher Reserve ("ATR"). In 2017, she then became a fulltime teacher. Charging Party claimed throughout the past school year she has experienced discrimination because of her gender identity. Charging Party claimed the discrimination came from various sources such as students, colleagues, and superiors. Charging Party reported discrimination, but administration failed to take corrective action. Charging Party alleged the principal and colleagues intentionally called her names such as "sir", failed to provide her with bathroom accommodations, and students often physically abused her while calling her derogatory words. Lastly, Charging Party stated that she did not have an opportunity to attain a counselor position because of the gender-based discrimination she reported to management.

In its position statement, Respondent denied all claims of unlawful discrimination or harassment, contending that it made great efforts to place Charging Party at a school

where she would feel welcome and where she would be an asset to the school community. In addition, it asserted that on each occasion where a student inappropriately touched or verbally berated Charging Party a suspension was issued to that student. Lastly, Respondent claimed Charging Party has not established a prima facie case of retaliation, as she cannot prove any adverse treatment. Respondent claimed the position Charging Party applied to remains unfilled.

The Commission's thorough investigation comprised of and analysis documents. The record shows that Respondent discriminated against Charging Party in that it engaged in harassment and denied bathroom facilities based on gender. Furthermore, Respondent failed to take immediate corrective action despite Charging Party's consistent complaints.

Based on the foregoing, Respondent's assert defense(s) do not withstand scrutiny and the Commission has determined there is reasonable cause to believe Respondent discriminated against Charging Party based on her sex (female) and retaliation by termination due to her internal complaints.

This determination is final. Title VII requires that if the Commission determines there is reasonable cause to believe violations have occurred, it shall endeavor to eliminate the alleged unlawful employment practices by informal methods of conference, conciliation and persuasion. Having determined there is reason to believe violations have occurred, the Commission now invites Respondent to join with it in an effort toward a just resolution of this matter. Enclosed is a letter outlining the proposed terms of conciliation.

Disclosure of information obtained by the Commission during the conciliation process may only be made in accordance with Title VII and the Commission's Procedural Regulations.

If Respondent declines to enter into conciliation discussions or should the Commission's representative become unable to secure an acceptable agreement, the Director shall so inform the parties, advising of court-enforcement alternatives available to aggrieved persons and the Commission.

On behalf of the Commission:

_____  
Kevin Berry  
District Director

_____  
Date

2