UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

SEAN BRADY,

                                           Plaintiff,

                    -against-

NEW YORK CITY DEPARTMENT OF EDUCATION;
MATTHEW TOSSMAN, Former Principal of Manhattan
Early College for Advertising ("MECA"); THOMAS
WIERZBOWSKI, Assistant Principal of MECA; JEREMY
DANIEL, Former Athletic Director of Murry Bergtraum
High School; and ALEX RIVERA, Dean of Murry
Bergtraum High School,

                                     Defendants.

---------------------------------------------------------------------- X

**ANSWER**

20 Civ. 10078 (GBD)

       Defendants the New York City Department of Education ("DOE"), Matthew Tossman, Thomas Wierzbowski, Pedro Dones, Alex Rivera, and Jeremy Daniel (together "defendants'), by their attorney, James E. Johnson, Corporation Counsel of the City of New York, for their Answer to the Complaint ("Complaint"), respectfully allege as follows:

       1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as set forth therein and that plaintiff is currently employed by the DOE.

       2.     Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to proceed as set forth therein.

       3.     Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purport to invoke the jurisdiction of this Court as set forth therein.

       4.     Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to invoke the venue of this Court as stated therein and that the DOE has

offices located at 52 Chambers Street, New York, New York 10007 and that plaintiff was employed by the DOE at the Manhattan Early College School for Advertising ("MECA") and is currently employed at Urban Assembly Maker Academy ("Maker"), both of which are located in Manhattan.

5.     Deny the allegations set forth in paragraph "5" of the Complaint, and respectfully refer the Court to the cited statutes for a complete and accurate statement of their contents.

6.     Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

7.     Deny the allegations set forth in paragraph "7" of the Complaint, except admit that plaintiff filed a document entitled "Discrimination and Retaliation Charge" with the United States Equal Employment Opportunity Commission ("EEOC") and that it contains a stamp that purports to be from the EEOC on May 11, 2017, and that the DOE received a document entitled "Determination" from the EEOC and dated September 25, 2019, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

8.     Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "8" of the Complaint and respectfully refer the Court to the September 2, 2020 Notice of Right to Sue for a complete and accurate statement of its contents.

9.     Deny knowledge or information sufficient to form a belief as to where plaintiff currently resides as alleged in paragraph "9" of the Complaint.

10.     Deny the allegations set forth in paragraph "10" of the Complaint, and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

11.     Deny the allegations set forth in paragraph "11" of the Complaint, except deny knowledge or information sufficient to form a belief as to how plaintiff self-identifies and has presented herself.

12.     Deny the allegations set forth in paragraph "12" of the Complaint.

13.     Deny the allegations set forth in paragraph "13" of the Complaint, except admit that the DOE's HR Connect Medical Administration received a letter stating that the plaintiff "has been diagnosed with gender dysphoria."

14.     Deny the allegations set forth in paragraph "14" of the Complaint, except admit that the DOE is a school board duly organized and existing under the New York Education Law, and respectfully refer the Court to the New York Education Law for a complete and accurate description of the organization and powers of the DOE.

15.     Deny the allegations set forth in paragraph "15" of the Complaint, except admit that the plaintiff has been employed by the DOE since February 14, 2012.

16.     Deny the allegations set forth in paragraph "16" of the Complaint, except admit that Matthew Tossman was previously the Principal of MECA until July 2018 and that he self-identifies as male, and respectfully refer the Court to the cited statutes for a complete and accurate statement of their contents.

17.     Deny the allegations set forth in paragraph "17" of the Complaint, except admit that Thomas Wierzbowski is an Assistant Principal at MECA and that he self-identifies as male, and respectfully refer the Court to the cited statutes for a complete and accurate statement of their contents.

18.     Deny the allegations set forth in paragraph "18" of the Complaint, except admit that Pedro Dones taught at MECA during the 2016-2017 school year and that he self-identifies as male.

19.     Deny the allegations set forth in paragraph "19" of the Complaint, except admit that Alex Rivera previously worked at the Murry Bergtraum High School for Business Careers ("MBHS") and that he self-identifies as male.

20.     Deny the allegations set forth in paragraph "20" of the Complaint, except admit that Jeremy Daniel was previously the Public Schools Athletic Leagues ("PSAL") Athletic Director of the Murry Bergtraum High School Campus and that he self-identifies as male.

21.     Deny the allegations set forth in paragraph "21" of the Complaint, except admit plaintiff was hired by the DOE in February 2012 as a special education teacher and worked at A-Tech High School from February 2012 through September 2012, Life Academy High School for Film and Music from September 2012 through October 2013, John Dewey High School from December 2013 until September 2015, Queens United Middle School from September 2015 until April 2016 and has been employed at Maker since September 2017, that plaintiff possesses SWD 7-12 social studies professional certificate, social studies 7-12 professional certificate, and a school counselor provisional certificate, and respectfully refer the Court to the Agreement between the New York City Board of Education and Guidance Counselors Chapter, United Federation of Teachers, Local 2, American Federation of Teachers, AFL-CIO for the salaries of guidance counselors.  Additionally, defendants deny knowledge or information sufficient to form a belief as to allegations that are premised upon plaintiff's information and belief as alleged in paragraph "21" of the Complaint.

22.     Deny the allegations set forth in paragraph "22" of the Complaint, except deny knowledge or information sufficient to form a belief as to plaintiff's feelings, admit that the DOE and plaintiff entered into an agreement on April 11, 2016 and that plaintiff was subsequently placed at MECA in 2016 as an Absent Teacher Reserve ("ATR") teacher, and respectfully refer the Court to the April 11, 2016 agreement for a complete and accurate statement of its content.

23.     Admit the allegations set forth in paragraph "23" of the Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Complaint, except admit that while at MECA plaintiff identified herself to some employees as a transgender female.

25.     Deny the allegations set forth in paragraph "25" of the Complaint.

26.     Deny the allegations set forth in paragraph "26" of the Complaint.

27.     Deny the allegations set forth in paragraph "27" of the Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Complaint.

29.     Deny the allegations set forth in paragraph "29" of the Complaint.

30.     Deny the allegations set forth in paragraph "30" of the Complaint.

31.     Deny the allegations set forth in paragraph "31" of the Complaint.

32.     Deny the allegations set forth in paragraph "32" of the Complaint.

33.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "33" of the Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Complaint, except admit that a meeting took place with defendant Tossman, plaintiff and Alvis Wilson and that defendant Tossman was informed that the phone in a classroom was not working.

35.     Deny the allegations set forth in paragraph "35" of the Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Complaint.

37.     Deny the allegations set forth in paragraph "37" of the Complaint except admit that plaintiff was assigned as the teacher for a computer based Spanish class and that plaintiff was not responsible for grading that class.

38.     Deny the allegations set forth in paragraph "38" of the Complaint, except deny knowledge or information sufficient to form a belief as to what Jeanetee Tourella and Lourdes Figueroa allegedly told the plaintiff.

39.     Deny the allegations set forth in paragraph "39" of the Complaint.

40.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "40" of the Complaint, except admit that on December 6, 2016, plaintiff was assaulted by a MBHS student.

41.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "41" of the Complaint, except admit that plaintiff reported that the student grabbed her and was verbally belligerent and used profanity.

42.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "42" of the Complaint.

43.     Deny the allegations set forth in paragraph "43" of the Complaint, except deny knowledge or information sufficient to form a belief as to what AP Bibiana Ammatuna[1] and other unidentified DOE staff allegedly told plaintiff.

44.     Deny the allegations set forth in paragraph "44" of the Complaint, except deny knowledge or information sufficient to form a belief as to the allegations regarding what plaintiff allegedly was told by unidentified DOE staff.

---

[1] Bibiana Ammatuna is no longer a DOE employee.

45.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "45" of the Complaint.

46.    Deny the allegations set forth in paragraph "46" of the Complaint, except deny knowledge or information sufficient to form a belief as to plaintiff's feelings.

47.    Deny the allegations set forth in paragraph "47" of the Complaint, except admit that plaintiff met with defendant Rivera.

48.    Deny the allegations set forth in paragraph "48" of the Complaint, except admit that a meeting took place among defendant Rivera, plaintiff, and an AP of MBHS.

49.    Deny the allegations set forth in paragraph "49" of the Complaint.

50.    Deny the allegations set forth in paragraph "50" of the Complaint.

51.    Deny the allegations set forth in paragraph "51" of the Complaint, except admit that plaintiff complained to defendant Tossman about defendant Rivera.

52.    Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "52" of the Complaint.

53.    Deny the allegations set forth in paragraph "53" of the Complaint, except admit that plaintiff complained to defendant Tossman about defendant Rivera.

54.    Deny the allegations set forth in paragraph "54" of the Complaint, except admit that defendant Tossman met with the plaintiff and informed her that media was aware of the incident at school and deny knowledge or information sufficient to form a belief as to how plaintiff felt about this information.

55.    Deny the allegations set forth in paragraph "55" of the Complaint, except admit that defendant Tossman met with the plaintiff and that during that meeting he shared with her his experience when the media reported on an assault on him by another student.

56.     Deny the allegations set forth in paragraph "56" of the Complaint.

57.     Deny the allegations set forth in paragraph "57" of the Complaint, except admit that plaintiff's complaints were reported to the DOE's Office of Equal Employment Opportunity ("OEO") on December 8, 2016.

58.     Deny the allegations set forth in paragraph "58" of the Complaint, except admit that plaintiff sent an email to Fred Walsh on December 12, 2016, and respectfully refer the Court to the cited email for a complete and accurate statement of its contents.

59.     Deny the allegations set forth in paragraph "59" of the Complaint.

60.     Deny the allegations set forth in paragraph "60" of the Complaint.

61.     Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "61" of the Complaint.

62.     Deny the allegations set forth in paragraph "62" of the Complaint, except admit that plaintiff complained to defendant Tossman and to the DOE's Office of Special Investigations ("OSI") about defendant Rivera and deny knowledge or information sufficient to form a belief as to what plaintiff reported to her union.

63.     Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "63" of the Complaint, except admit that defendant Rivera had interactions with the plaintiff during the 2016-2017 school year.

64.     Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "64" of the Complaint.

65.     Deny the allegations set forth in paragraph "65" of the Complaint, except deny knowledge or information sufficient to form a belief as to what MECA guidance counselors allegedly said to the plaintiff.

66.     Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "66" of the Complaint.

67.     Deny the allegations set forth in paragraph "67" of the Complaint, except deny knowledge or information sufficient to form a belief as to what Figueroa allegedly told the plaintiff.

68.     Deny the allegations set forth in paragraph "68" of the Complaint.

69.     Deny the allegations set forth in paragraph "69" of the Complaint.

70.     Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "70" of the Complaint.

71.     Deny the allegations set forth in paragraph "71" of the Complaint.

72.     Deny the allegations set forth in paragraph "72" of the Complaint.

73.     Deny the allegations set forth in paragraph "73" of the Complaint.

74.     Deny the allegations set forth in paragraph "74" of the Complaint, except deny knowledge or information sufficient to form a belief as to plaintiff's alleged meeting with the NYPD.

75.     Deny the allegations set forth in paragraph "75" of the Complaint.

76.     Deny the allegations set forth in paragraph "76" of the Complaint, except admit that plaintiff met with OSI in January 2017.

77.     Deny the allegations set forth in paragraph "77" of the Complaint, except admit that Christina Bunch met with the plaintiff in January 2017.

78.     Deny the allegations set forth in paragraph "78" of the Complaint, except admit that plaintiff asked for a union representative.

79.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "79" of the Complaint, except admit that plaintiff would need coverage for her class to attend an OSI meeting scheduled for the same time.

80.     Deny the allegations set forth in paragraph "80" of the Complaint.

81.     Deny the allegations set forth in paragraph "81" of the Complaint.

82.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "82" of the Complaint.

83.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "83" of he Complaint.

84.     Deny the allegations set forth in paragraph "84" of the Complaint.

85.     Deny the allegations set forth in paragraph "85" of the Complaint.

86.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "86" of the Complaint.

87.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "87" of the Complaint.

88.     Deny the allegations set forth in paragraph "88" of the Complaint.

89.     Deny the allegations set forth in paragraph "89" of the Complaint.

90.     Deny the allegations set forth in paragraph "90" of the Complaint, except admit that plaintiff complained to defendant Tossman about defendant Dones.

91.     Deny the allegations set forth in paragraph "91" of the Complaint.

92.     Deny the allegations set forth in paragraph "92" of the Complaint.

93.     Deny the allegations set forth in paragraph "93" of the Complaint, except admit that OEO received a complaint of discrimination concerning defendant Dones.

94. Deny the allegations set forth in paragraph "94" of the Complaint, except deny knowledge or information sufficient to form a belief as to what the plaintiff believes she viewed and what she spoke with the school secretary about.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

96. Deny the allegations set forth in paragraph "96" of the Complaint, except admit plaintiff applied for a guidance counselor position at MECA on the open market on May 5, 2017.

97. Deny the allegations set forth in paragraph "97" of the Complaint, except admit that plaintiff met with Equal Employment Opportunity Investigator Sarah Marx on May 5, 2017.

98. Deny the allegations set forth in paragraph "98" of the Complaint, except admit that Sarah Marx was employed as an Equal Employment Opportunity Investigator by the DOE.

99. Deny the allegations set forth in paragraph "99" of the Complaint.

100. Deny the allegations set forth in paragraph "100" of the Complaint, except admit that plaintiff was attacked by a MBHS student while she worked at MECA.

101. Deny the allegations set forth in paragraph "101" of the Complaint.

102. Deny the allegations set forth in paragraph "102" of the Complaint, except admit that plaintiff filed a complaint with the EEOC and respectfully refer the Court to the EEOC complaint for a complete and accurate statement of its contents.

103. Admit that plaintiff was not offered a permanent teaching position a MECA for the 2017-2018 school year.

11

104.    Deny the allegations set forth in paragraph "104" of the Complaint, except admit that plaintiff was hired as a special education teacher at Urban Assembly Maker Academy ("UA Maker") in September 2017.

105.    Deny the allegations set forth in paragraph "105" of the Complaint.

106.    Deny the allegations set forth in paragraph "106" of the Complaint, except admit that plaintiff coached table tennis and badminton.

107.    Deny the allegations set forth in paragraph "107" of the Complaint.

108.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "108" of the Complaint, and respectfully refer the Court to the cited EEOC Determination for a complete and accurate statement of its content.

109.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "109" of the Complaint and respectfully refer the Court to the cited EEOC Notice of Rights for a complete and accurate statement of its content.

110.    In response to the allegations set forth in paragraph "110" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "109" of the Complaint as if set forth fully herein.

111.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "111" of the Complaint.

112.    Deny the allegations set forth in paragraph "112" of the Complaint.

113.    Deny the allegations set forth in paragraph "113" of the Complaint.

114.    Deny the allegations set forth in paragraph "114" of the Complaint.

115.    Deny the allegations set forth in paragraph "115" of the Complaint.

116.    Deny the allegations set forth in paragraph "116" of the Complaint.

117.    Deny the allegations set forth in paragraph "117" of the Complaint.

118.    In response to the allegations set forth in paragraph "118" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "117" of the Complaint as if set forth fully herein.

119.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "119" of the Complaint.

120.    Deny the allegations set forth in paragraph "120" of the Complaint.

121.    Deny the allegations set forth in paragraph "121" of the Complaint.

122.    Deny the allegations set forth in paragraph "122" of the Complaint.

123.    Deny the allegations set forth in paragraph "123" of the Complaint.

124.    Deny the allegations set forth in paragraph "124" of the Complaint.

125.    Deny the allegations set forth in paragraph "125" of the Complaint.

126.    Deny the allegations set forth in paragraph "126" of the Complaint.

127.    In response to the allegations set forth in paragraph "127" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "126" of the Complaint as if set forth fully herein.

128.    Deny the allegations set forth in paragraph "122" of the Complaint, except admit that plaintiff made complaints and filed a complaint with the EEOC, and respectfully refer the Court to the cited complaints for a complete and accurate statement of their contents.

129.    Deny the allegations set forth in paragraph "129" of the Complaint.

130.    Deny the allegations set forth in paragraph "130" of the Complaint.

131.    Deny the allegations set forth in paragraph "131" of the Complaint.

132.     In response to the allegations set forth in paragraph "132" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "131" of the Complaint as if set forth fully herein.

133.     Deny the allegations set forth in paragraph "133" of the Complaint.

134.     Deny the allegations set forth in paragraph "134" of the Complaint.

135.     Deny the allegations set forth in paragraph "135" of the Complaint.

136.     In response to the allegations set forth in paragraph "136" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "135" of the Complaint as if set forth fully herein.

137.     Deny the allegations set forth in paragraph "137" of the Complaint.

138.     Deny the allegations set forth in paragraph "138" of the Complaint.

139.     Deny the allegations set forth in paragraph "139" of the Complaint.

140.     In response to the allegations set forth in paragraph "140" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "139" of the Complaint as if set forth fully herein.

141.     Deny the allegations set forth in paragraph "141" of the Complaint.

142.     Deny the allegations set forth in paragraph "142" of the Complaint.

143.     Deny the allegations set forth in paragraph "143" of the Complaint.

**AS AND FOR A FIRST DEFENSE**

144.     The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND DEFENSE**

145.     The Complaint is barred, in whole or in part, by Plaintiff's failure to perform all conditions precedent to suit or to exhaust all administrative remedies, or both.

14

## AS AND FOR A THIRD DEFENSE

146.    The Complaint is barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A FOURTH  DEFENSE

147.    Subject to proof in discovery, any damages claims contained in the Complaint may be barred, in whole or in part, by Plaintiff's failure to mitigate damages.

## AS AND FOR A FIFTH  DEFENSE

148.    The Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

## AS AND FOR A SIXTH DEFENSE

149.    The plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

## AS AND FOR A SEVENTH DEFENSE

150.    Defendants had legitimate, non-retaliatory business reasons for taking any of the alleged retaliatory actions complained of by plaintiff.

## AS AND FOR AN EIGHTH DEFENSE

151.    At all times relevant to the acts alleged in the Complaint, defendants' conduct was reasonable, proper, lawful, constitutional, made in good faith for nondiscriminatory, legitimate business reasons, and without malice or without willful intent to violate any applicable law, rule or regulation.

## AS AND FOR A NINTH DEFENSE

152.    The conduct complained of consists of nothing more than what a "reasonable victim of discrimination" would consider "petty slights and trivial inconveniences."

**WHEREFORE,** Defendants respectfully request that the Complaint be dismissed in its entirety, that the Court enter judgment for defendants, and that defendants be granted costs, fees, and disbursements together with such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                April 22, 2021

                                          **JAMES E. JOHNSON**
                                          Corporation Counsel of the
                                            City of New York
                                          Attorney for Defendants
                                          100 Church Street
                                          New York, New York 10007-2601
                                          (212) 356-1104
                                          abalog@law.nyc.gov


                        By:    _____
                                          /s/  *Aliza J. Balog*
                                          Aliza J. Balog
                                          Assistant Corporation Counsel